# GENERAL COURT, OCTOBER TERM, 1800.

M'KIM *vs.* MARSHALL,

CA. SA. upon a judgment rendered in this court at May term 1800. The sheriff returned the writ *cepi,* and brought the defendant into court. The defendant produced to the court his discharge under the insolvent law of *Pennsylvania,* since the cause of action accrued in this case.

A defendant, taken in execution on a *ca. sa.* was discharged on his producing his release under an insolvent law of another state.

THE COURT admitted such discharge to be legal, and the defendant was released from the execution *(a)*.

*Winchester,* for the plaintiff.

*Mason,* for the defendant.

Bail discharged on evidence being produced of the release of the principal under the insolvent law of another state.

*(a)* In the case of *Harrison vs. Young,* at May term, 1788, a similar decision appears to have been given. In that case a *non est* was returned upon a *ca. sa* issued upon a judgment rendered in this court. The *special bail* of the defendant suggested to the court, that the defendant was a citizen of the state of *Pennsylvania,* and had complied with the laws of that state relative to bankrupts and bankruptcies, and obtained a certificate of such conformity, and an allowance of the said certificate by the president of the said state, pursuant to the said laws; all which appeared to the court by the record of the proceedings produced.

HARRISON, Ch. J. and GOLDSBOROUGH, J. decided, that the *special bail* in the action, was by such certificate discharged from his undertaking for the defendant.

*Ridgely,* for the plaintiff.

*Martin,* (Attorney General,) for the special bail,